1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT BURNS,

11              Petitioner,              No. CIV S-05-2094 LKK GGH P

12        vs.

13   A.P. KANE, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2004 decision by the California

18   Board of Parole Hearings (BPH) finding him unsuitable for parole.  On May 16, 2008, the Ninth

19   Circuit granted rehearing en banc in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008).

20              By Order, filed on 6/02/08, this court ordered the parties to show cause within

21   twenty days why this action should not be administratively stayed pending the Ninth Circuit's

22   decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted,* __ F.3d

23   __, No. 06-55392 (9th Cir. filed May 16, 2008).  Neither party argued against a stay.  On 6/10/08,

24   petitioner filed a response indicating that he had no objection to the imposition of a stay pending

25   the Ninth Circuit's decision in Hayward, supra.  In its response, on 6/17/08, respondent urged the

26   court to exercise its discretion to impose a stay.

1    For the following reasons, the court now recommends that this action be

2  administratively stayed.

3    In Sass v. Cal. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006) and Irons v.

4  Carey, 505 F.3d 846 (9th Cir. 2007), the Ninth Circuit was concerned with the existence per se of

5  allegedly egregious circumstances of the crime, trivial motive and the like, at least prior to the

6  time the prisoner had served his minimum term under the sentence.  That is, a bad circumstance

7  automatically equaled "some evidence" supporting a finding of parole unsuitability.  In Hayward,

8  supra, the Ninth Circuit looked past the existence per se of listed circumstances, aka suitability

9  factors, and considered whether a particular factor, such as trivial motive, could be a legitimate

10  predictor of dangerousness if released.  By granting rehearing in Hayward, the Ninth Circuit

11  clearly has shown an intent to clarify what standard applies in parole cases.

12    It is within the court's discretion to grant a stay of proceedings in its own court.

13  Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  The Ninth Circuit has held that in

14  determining whether a stay of a pending proceeding is appropriate based upon the existence of

15  other similar proceedings, the district court must weigh "the competing interests which will be

16  affected by the granting or refusal to grant a stay."  Id. at 1110.  The competing interests to be

17  considered are: 1) the possible damage that may result from the granting of a stay; 2) the hardship

18  that the party seeking the stay may suffer by being required to go forward; and 3) the orderly

19  course of justice measured by considering whether issues will be simplified or complicated,

20  proof, and questions of law which could be expected to result from a stay.  Id.

21    The only party who may be damaged by a stay is petitioner as it may delay

22  resolution of his petition.  In this instance, however, petitioner specifically does not object to a

23  stay.  Moreover, if the court were to go forward with this case, it would most likely be required to

24  reconsider petitioner's application following the Ninth Circuit's decision in Hayward.

25  Petitioner's application will take just as long to reach final resolution with or without a stay.

26  Therefore, any prejudice suffered by petitioner as a result of a stay is minimal, at best, and, in any

2

1   event, as noted, petitioner has expressly found a stay to be unobjectionable.

2           If this case goes forward without a stay, respondent will be prejudiced by most

3   likely having to file a second response to the petition as a result of the Ninth Circuit's decision in

4   Hayward. The court will be prejudiced as well if it is required to issue multiple opinions in this

5   action. In addition, the Ninth Circuit's decision in Hayward will clarify the issues to be

6   addressed in this action. Accordingly, the court finds that the factors weigh in favor of a stay.

7           In Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th

8   Cir. 2000), the Ninth Circuit reversed an order issued by the Eastern District staying a habeas

9   action filed pursuant to 28 U.S.C. § 2241 by a petitioner challenging his detention by the former

10  Immigration and Naturalization Service. Because the issues raised in Yong's petition were to be

11  considered by the Ninth Circuit in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), the district court

12  stayed proceedings in Yong's case pending resolution of the appeal in Ma.

13          In Yong, the Ninth Circuit found that the district court abused its discretion in

14  staying the petition because the term of the stay was indefinite. 208 F.3d at 1119. In addition,

15  the Ninth Circuit rejected the district court's finding that the stay would conserve judicial

16  resources. Id. The Ninth Circuit found that district court's duty to decide habeas petitions in a

17  reasonable time overrode any concern for conservation of judicial resources. Id. at 1119-1120.

18  The Ninth Circuit also rejected the district court's reasoning that the stay would promote

19  uniformity in decisions emanating from the Eastern District. Id. at 1121.

20          In one very important respect, the instant action is distinguishable from Yong. By

21  all appearances, the Ninth Circuit granted rehearing in Hayward in order to resolve the

22  inconsistent approaches it has taken in cases challenging the sufficiency of evidence in parole

23  suitability hearings. In Yong, the district court was not faced with the issue of deciding which

24  different approach to choose from in deciding the habeas application. Without a stay, it is almost

25  certain that this court will have to reconsider every opinion it issues in petitions challenging the

26  sufficiency of evidence in parole suitability hearings after the Ninth Circuit's decision in

3

1   Hayward.   This court has already issued and withdrawn several opinions in these cases based on

2   the different standards set forth by the Ninth Circuit.  At this time, the court is not willing to

3   guess which approach the Ninth Circuit will choose.

4            In addition, this court finds it unlikely that any stay of these cases will be for a

5   significant length of time.  The undersigned will not await the result of petition for certiorari

6   filings, if any, with the Supreme Court.  The court also observes that staying these cases will

7   promote uniformity in decisions by this district because following Hayward, the district courts

8   will know which standard to apply.

9            While the court would like these cases off the docket, the desire for administrative

10  efficiency does not outweigh the need to decide cases correctly the first time.  Court resources are

11  better spent on deciding habeas petitions that do not rely on conflicting case law which is

12  pending resolution in the Ninth Circuit.

13           Accordingly, IT IS HEREBY RECOMMENDED that this action be

14  administratively stayed pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d

15  536 (9th Cir. 2008), *reh'g en banc granted*, ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16,

16  2008).

17  \\\\\

18  \\\\\

19  \\\\\

20  \\\\\

21  \\\\\

22  \\\\\

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: 10/30/08

10                                         /s/ Gregory G. Hollows
                                      _____
11  GGH:009                            UNITED STATES MAGISTRATE JUDGE
   burn2094.fr