IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT BURNS,

Petitioner, No. CIV S-05-2094 LKK CHS P

vs.

A.P. KANE, Warden

Respondent. ORDER

_________________________________/

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his denial of parole by the Board of Prison Terms (now the Board of Parole Hearings) on May 28, 2004. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On July 21, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Petitioner raises two objections to

the findings and recommendations that are not directly addressed by the findings and recommendations themselves. First, the magistrate stated that because petitioner was sentenced to a term of 17 years to live in 1988, he had not yet served his minimum term at the time of the 2004 parole hearing. Findings and Recommendation, Doc. 27, 8. However, petitioner correctly objects that his minimum eligible parole date was December 7, 1998, as indicated by page 1 of the transcript of the 2004 Board hearing. However, the magistrate's miscalculation of petitioner's minimum term was not essential to her analysis. Instead, the magistrate opined that if the minimum term had not been served, there could be no due process violation even if the Board's decision was not supported by some permissible evidence, but that in this case, such evidence did in fact support the Board's decision.

Petitioner also objects on the ground that in a psychiatric evaluation of petitioner, "the evaluating doctor reviewed the circumstances of the commitment offense, petitioner's social history and post-incarceration behavior and determined [that] 'his violence potential is estimated to be no more than the average citizen in the community.'" Objections, Doc. 28, 4. On habeas review, this court does not ask whether some evidence would have supported a grant of parole, or even whether, if this court were to review all the available evidence de novo, this court would conclude that parole is appropriate. Instead, the question is whether there is "some evidence" to support the Board's decision. Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (citing Superintendent v. Hill, 472 U.S. 445, 457 (1985)). The magistrate properly identified evidence satisfying this standard.

Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on July 21, 2009, are adopted in full, except to note that petitioner's minimum eligible parole date was December 7, 1998; and

////

2. Petitioner's petition for a writ of habeas corpus is denied.

DATED: August 31, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT